UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOUGLAS WAYNE ROSS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 5:17-cv-02775-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Plaintiffs bring claims for wrongful death and elder abuse resulting from the death of their father while he was receiving care from the Veterans Administration ("VA") hospital in Palo Alto, California. The government moves to dismiss the majority of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The government's motion will be granted in part and denied in part.

## I. BACKGROUND

Ross was admitted to the Palo Alto VA in February 2016 for revascularization surgery. Compl. ¶ 23, Dkt. No. 1. After his surgery, Ross suffered a heart attack and cardiac arrest, and his doctors prescribed the maximum dose of blood thinners to prevent another heart attack and to treat his blood clots. Id. His file noted that he was at "high risk for falls." Id.

On April 28, 2016, Ross was left in a chair, unattended and unrestrained, for approximately 40 minutes. Id. ¶ 28. During that time, Ross fell from his chair and hit his head. Id. ¶ 24. He died from his injuries on May 5, 2016. Id. ¶ 21. His death certificate states that the cause of death was "a closed head injury" caused by a "fall, unwitnessed." Id.

Doug Jr., Nicole, and Neville are Ross's biological children. On July 27, 2016, Doug Jr. filed an administrative tort claim with the VA. Id. Ex. 1. The VA denied the claim on March 8, 2017, because it concluded that "there was no negligent or wrongful act on the part of an employee of the Department of Veterans Affairs acting within the scope of employment that caused compensable harm." Id. Nicole and Neville did not file administrative claims.

In this action, Plaintiffs assert claims against the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671–80. Id. ¶ 5. Doug Jr., Nicole, and Neville each bring claims for wrongful death in their individual capacities as Ross's heirs. Id. ¶¶ 8–10, 36–42. Doug Jr. also brings a claim for elder abuse under California Welfare and Institutions Code § 15610 on Ross's behalf. Id. ¶¶ 8, 30–35.

The government now moves to dismiss all claims—with the exception of Doug Jr.'s wrongful death claim—under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Def.'s Mot. to Dismiss ("MTD"), Dkt. No. 15.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate if the complaint fails to allege facts sufficient to establish subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d

Case No.: 5:17-cv-02775-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

2

1036, 1039 n.2 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The nonmoving party bears the burden of establishing jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

### A. Wrongful Death

Before filing suit under the FTCA, a party must file an administrative claim as required by 28 U.S.C. § 2675(a), which provides in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000).

Here, the government argues that the FTCA claims brought by Plaintiffs Nicole and Neville (but not Doug Jr.) must be dismissed for lack of subject-matter jurisdiction because they

Case No.: 5:17-cv-02775-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
3

failed to file administrative claims before bringing this action. MTD 5. Nicole and Neville do not dispute that they have not filed administrative claims. See Pls.' Opp'n to Def.'s Mot. to Dismiss ("Opp'n") 1–2, Dkt. No. 16. Rather, they argue that they met this obligation because Doug Jr. filed an administrative claim arising from the same events, even though that claim did not identify Nicole and Neville as claimants. Id. at 6. According to Nicole and Neville, "the Government cannot legitimately claim prejudice" from their failure to file administrative claims because the government "has been afforded an opportunity to fully investigate and evaluate its liability." Id. at 5–6. They argue that "technical adherence" to the requirements of § 2675(a) would be futile because their administrative claims would be identical to Doug Jr.'s; the government would deny them, as it denied Doug Jr.'s claims, and they would then refile an identical action with this Court. Id. They argue that this requirement "would do nothing more than cause unnecessary delay and create an unwarranted barrier to justice." Id. at 6.

The Court recognizes that, in this case, relaxing the requirements of § 2675(a) would likely conserve judicial resources and cause little, if any, prejudice to the government. Nevertheless, "[t]he requirement of an administrative claim is jurisdictional." Brady, 211 F.3d at 502 (citing Cadwalader v. United States, 45 F.3d 297, 300 (9th Cir. 1995)). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" Id. (quoting Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992)).

Based on the Ninth Circuit's guidance in Brady, the Court finds that a party must "strictly adhere[]" to the jurisdictional requirement of § 2675(a) to file an administrative claim before filing an action in federal court under the FTCA, even if that claim is based on the same events as another administrative claim filed by another party. See id. at 502–03 (affirming the district court's dismissal of the plaintiff's claims because the plaintiff "failed to comply with [§ 2675(a)]'s jurisdictional requirement that she file an administrative claim"); see also Frantz v. United States, 791 F. Supp. 445, 454 (D. Del. 1992) (dismissing wrongful death claims because the "FTCA does

not give this Court discretionary power to balance hardship between the parties or to excuse noncompliance with the jurisdictional prerequisites merely because the defendant has not been prejudiced. . . . Because the FTCA does not make exception for futility, this Court is powerless to evaluate whether the claim would have made a difference").

As such, Nicole and Neville's wrongful death claims must be dismissed without prejudice for lack of subject-matter jurisdiction.

### B. Elder Abuse

Doug Jr. alleges that Ross's caretakers neglected him in violation of the Elder Abuse and Dependent Adult Civil Protection Act, Cal. Welfare and Institutions Code § 15610. Compl. ¶¶ 30–35. To state a claim for neglect under the Elder Abuse Act, a plaintiff must allege that the defendant

> (1) had responsibility for meeting the basic needs of the elder or dependent adult, such as nutrition, hydration, hygiene or medical care;
>
> (2) knew of conditions that made the elder or dependent adult unable to provide for his or her own basic needs; and
>
> (3) denied or withheld goods or services necessary to meet the elder or dependent adult's basic needs, either with knowledge that injury was substantially certain to befall the elder or dependent adult (if the plaintiff alleges oppression, fraud or malice) or with conscious disregard of the high probability of such injury (if the plaintiff alleges recklessness).

Carter v. Prime Healthcare Paradise Valley, LLC, 198 Cal. App. 4th 396, 406–07 (2011) (citations omitted).

Here, the government does not dispute that Doug Jr.'s allegations satisfy the first two elements. Rather, the parties' disagreement centers on whether the government's treatment of Ross amounted to negligence (which does not constitute neglect under the Elder Abuse Act) or whether it was egregious enough to amount to recklessness (which is actionable under the Act). "To obtain the remedies provided by the Act pursuant to section 15657, a plaintiff must demonstrate by clear and convincing evidence that defendant is guilty of something more than negligence; he or she

must show reckless, oppressive, fraudulent, or malicious conduct. Recklessness refers to a subjective state of culpability greater than simple negligence, which has been described as a deliberate disregard of the high degree of probability that an injury will occur." Sababin v. Sup. Ct., 144 Cal. App. 4th 81, 88–89 (2006) (citing Delaney v. Baker, 20 Cal. 4th 23, 31 (1999)) (citations and quotation marks omitted).

The government argues that Ross's caretakers did not act recklessly. "Seating a patient in a chair for 40 minutes," it says, "is not elder abuse." MTD 8. It argues that this case "closely parallels" Worsham v. O'Connor Hosp., 226 Cal. App. 4th, 331 (2014). Def.'s Reply in Support of Mot. to Dismiss 8 ("Reply"), Dkt. No. 17. In that case, the patient entered a transitional care unit for rehabilitative care after undergoing hip surgery. Worsham, 226 Cal. App. 4th at 334. While admitted, she fell and broke her arm and hip. Id. The plaintiff argued that the patient's caretakers acted recklessly because they were "aware that [she] had a risk of falling, and failed to have the proper staffing in place to prevent her fall." Id. at 338. The Court of Appeal held that the plaintiff had failed to state a claim for elder abuse because the allegations were "not sufficient to render [the hospital]'s conduct in failing to provide adequate staffing anything more than professional negligence." Id.

The events in this case are similar to the events in Worsham—but the conduct here is more troubling. In Worsham, the extent of the plaintiff's allegations were that the patient was undergoing rehabilitative care following hip surgery, that her caretakers knew she was at risk for falling, and that, due to understaffing, she was left unattended, fell, and broke her arm and hip. Id. at 334–38. Here, by contrast, Doug Jr. alleges that Ross "had infections in his lower extremities," "his right foot was black and gangrenous," and "he was on a nasogastric feeding tube, rectal tube, and intravenous medication." Compl. ¶ 26. Two days before his fall, a "[m]echanical lift was used by nursing to get [Ross] out of bed." Id. He was "dialysis dependent," he was "on the maximum amount of blood thinners" (which put him "at risk of bleeding excessively if he suffered any fall"), and his medical file noted that he was at "high risk for falls." Id. ¶ 23. Despite his "extremely

feeble" condition, the VA failed to use a "standard 'fall risk' bracelet," and he was left alone in a chair without "appropriate precautions, such as soft restraints," for 40 minutes. Id. ¶¶ 24, 26–27. During that period, he "fell from his chair and hit his head," which caused him "to bleed around his head and internally in his brain." Id. ¶ 24. He died from his injuries a week later. Id.

The Court is aware that professional negligence is not enough to constitute elder abuse. See Worsham, 226 Cal. App. 4th at 338 ("Absent specific facts indicating at least recklessness, any failure to provide adequate supervision would constitute professional negligence but not elder abuse.") (citing Delaney, 20 Cal. 4th at 35); Sababin, 144 Cal. App. 4th at 88 ("To obtain the remedies provided by the Act pursuant to section 15657, 'a plaintiff must demonstrate by clear and convincing evidence that defendant is guilty of something more than negligence.' ") (quoting Delaney, 20 Cal. 4th at 31).

Under these circumstances, however, the Court finds that Doug Jr.'s allegations, taken as true, show that Ross's caretakers acted with "deliberate disregard of the high degree of probability that an injury [would] occur." Delaney, 20 Cal. 4th at 31 (1999). As such, the Court finds that Doug Jr. has adequately stated a claim for elder abuse.

### C. Punitive Damages, Prejudgment Interest, and Attorneys' Fees

Plaintiffs' prayer for relief requests—among other things—punitive damages, prejudgment interest, and attorneys' fees "per the Welfare and Institutions Code on the first cause of action" (for elder abuse). Compl. 11–12.

The government argues that the FTCA prohibits awards of punitive damages and prejudgment interest. MTD 9–10; 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages."). In their opposition brief, Plaintiffs state that they "do not oppose Defendants' Motion to Dismiss Plaintiffs' claims for punitive damages or prejudgment interest." Opp'n 18 n.1. Accordingly, those requests will be stricken from the complaint.

The government also argues that any attorneys' fees award must be subject to the FTCA's

Case No.: 5:17-cv-02775-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

7

statutory limits. MTD 9–10; see 28 U.S.C. § 2678 ("No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1346(b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title."). Plaintiffs appear to concede this point. See Opp'n 19 (arguing that there are "no grounds for striking Plaintiff's claim for attorney fees" because "an award of attorney fees for the elder abuse cause of action is recoverable under 28 U.S.C. § 2678 as part of the 25% of any judgment awarded to Plaintiff"). As such, the government's request to strike Plaintiffs' request for attorneys' fees will be denied. However, Plaintiffs may not recover attorneys' fees beyond the limits stated in 28 U.S.C. § 2678.

## IV. CONCLUSION

The Court orders as follows:

1. The government's motion to dismiss is GRANTED as to Nicole and Neville's claims for wrongful death. Those claims are DISMISSED without prejudice.

2. The government's motion to dismiss is DENIED as to Doug Jr.'s claim for elder abuse.

3. Plaintiffs' requests for punitive damages and prejudgment interest are STRICKEN.

4. The government's request to strike Plaintiffs' requests for attorneys' fees is DENIED. However, Plaintiffs may not recover attorneys' fees beyond the limits stated in 28 U.S.C. § 2678.

**IT IS SO ORDERED.**

Dated: November 17, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-02775-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

8